# Lucas *versus* Laws, Rhodes, and Barr.

Only the individual interest of a member of a firm can be attached for his debts.  That interest is his share of the assets remaining after the payment of partnership debts.

Where the interest of one partner passes to another person, it is only available under an account between the partnership and the partner, and it is an item in the account that enough must be left for the payment of firm debts.

Where R. is a member of two firms, a judgment on a foreign attachment against him as member of one firm, cannot be set up as a defence by the garnishee in the attachment against a debt due by him to the other firm.

ERROR to the District Court of *Allegheny county.*

This was an action brought by Laws, Rhodes & Barr to recover the price of certain flour sold by them to Samuel H. Lucas.

William Rhodes, one of the plaintiffs, was also a member of the firm of S. Cook & Co., who were indebted to S. McClurkan & Co. McClurkan & Co. issued a foreign attachment for their claim against Cook & Co., making Lucas garnishee.   Rhodes appeared to the attachment, and a verdict was rendered against him, and judgment accordingly.   Immediately afterwards plaintiffs brought this action.

[Lucas *v.* Laws.]

Defendant filed an affidavit, setting up the foreign attachment as a bar. Plaintiffs moved the court for a judgment in default of a sufficient affidavit of defence, and the court made the rule absolute.

This was the error assigned.

*Selden,* for plaintiff in error.

*Miller,* for defendant in error.

The opinion of the court was delivered by

Lewis, C. J.—Laws, Rhodes & Barr brought this action for a just debt. The defence is that the firm of McClurkan & Co. have attached the debt due by Lucas to answer a demand which they have against the firm of Cook, Rhodes & Thomas. The demand which McClurkan & Co. have against Rhodes, so far as the plaintiffs below are concerned, must be regarded as an individual debt of Rhodes. His interest in the partnership claims is all that can be attached for his individual debts. What is his interest in the partnership claims of Laws, Rhodes & Barr? Nothing more than one-third of the assets remaining after payment of partnership debts. Where the interest of one partner in the partnership property passes to another person, it is immaterial whether that transfer be effected by a sale by the partner himself for a valuable consideration; by a sale of his interest on execution; by attachment; by his death and the succession of his personal representatives, or by assignment under the bankrupt or insolvent laws. In all these cases the party coming in the right of the partner comes into nothing more than an interest in the partnership, which cannot be tangible, cannot be made available, or be delivered but under an account between the partnership and the partner; and it is an item in the account that enough must be left for the partnership debts: Taylor *v.* Fields, 5 *Vesey Jr.* 396; Deal *v.* Bogue, 8 *Harris* 228; Baker's Appeal, 9 *Harris* 82; Walker *v.* Eyth, 1 *Casey* 216. It follows from this principle that the attachment in this case is not a bar to the collection of the debt which Lucas owes to the plaintiffs below as partners. If McClurkan & Co. have any remedy worth pursuing, it can only be made effectual by an account between the partnership and the partner whose interest they have attached.

Judgment affirmed.