# Durborrow's Appeal.

1. One who at a sheriff's sale purchases the interest of a partner in the personal property of the firm, is not thereby entitled to take possession of any portion of the property.

2. When the purchaser of such an interest leased the property upon terms to the defendant in the execution, who failed to comply therewith, and refused to deliver possession at the expiration of the lease, *Held,* that the lease being void the proceedings to obtain possession were all erroneous.

May 29th 1877.   Before Agnew, C. J., Sharswood, Mercur, Gordon, Paxson, Woodward and Sterrett, JJ.

Certiorari sur appeal from the Court of Common Pleas of *Huntingdon county:* Of May Term, 1877, No. 152.

The proceedings in the court below were as follows :—

J. Hall Musser filed a bill in equity against J. R. Durborrow, which set forth in substance :—

That on and prior to the 24th day of March 1873, J. R. Durborrow and John A. Nash, under the firm name of J. R. Durborrow & Co., were publishing The Huntingdon Journal newspaper, and were in possession of certain printing presses, types, stock, materials, &c., used in carrying on the same, the said Durborrow claiming in the same an undivided interest of seven-twelfths, and John A. Nash claiming the other five-twelfths ; that on the 25th March 1873, the interest of Durborrow in the same was levied in execution by the sheriff of Huntingdon county for the individual debt of J. R. Durborrow and sold to said Musser.   Musser then leased the property to Durborrow at an annual rental of $600 and agreed that if certain terms were complied with at the end of three years the property should be conveyed to Durborrow.   The latter made default in the payment of the rent and as to the other terms of the agreement, and Musser then gave him written notice to surrender the property at the expiration of the lease, at which time he demanded possession and was refused.   The bill therefore prayed for specific performance of this agreement and

[Durborrow's Appeal.]

that defendant should deliver to complainant all the property and interest mentioned in the lease; that he be enjoined from selling or encumbering the property, and for a receiver.

The defendant demurréd to the whole bill, and the court overruled the demurrer and awarded a preliminary injunction.

The defendant then filed an answer and the case was referred to a master, who suggested a decree that Durborrow be directed to pay to Musser $1972.46 with interest, or in default thereof to deliver up to Musser all the presses, types, &c., purchased by Musser as the interest of Durborrow, and the defendant meantime be enjoined from selling or encumbering said property.

The court, Dean, P. J., overruled the defendant's exceptions to the master's report and confirmed the same.

The plaintiff then made an affidavit of non-payment of the $1972.46, and caused to be issued a writ of *habere facias possessionem de bonis*, with a fi. fa. for costs, to which the sheriff returned that he had demanded possession of Durborrow, who refused.    Upon the petition of plaintiff a writ of assistance under a rule of the court and the allocatur of the president judge was issued, to which the sheriff made return as follows :—

"Executed the within writ by going with plaintiff to the printing office of J. R. Durborrow & Co., and then and there declaring to him, that I delivered to him the said plaintiff, all the interest of him the said plaintiff in the presses, types, imposing stones, cases, racks, and all other printing material purchased by said J. Hall Musser at a sheriff's sale on the 25th day of March 1873; and *money made.*"

Defendant appealed, assigning for error the overruling of the demurrer and the confirmation of the master's report.

*George B. Orlady* and *R. Bruce Petriken*, for appellant.

*R. M. Speer* and *S. T. Brown*, for appellee.

Mr. Justice PAXSON delivered the opinion of the court, June 11th 1877.

This case is saturated with error.    The vice of it runs through all the proceedings in the court below back to the transactions of the parties based upon the sheriff's sale of the appellant's interest in the property in question.    There appears to have been an entire misapprehension of the legal effect of that sale, resulting in protracted proceedings in equity when there was no jurisdiction, and culminating in a decree which the court below was powerless to enforce.    Briefly stated, the sheriff's sale passed nothing but the interest of the appellant, whatever it may be, in the property levied upon.    The reason of this is manifest.    The property levied upon and sold by the sheriff to Mr. Musser belonged to the firm of J. R.

[Durborrow's Appeal.]

Durborrow & Co., which firm was composed of J. R. Durborrow, the appellant, and John A. Nash. We need not cite authority to show that upon an execution against one partner for his private debt the sheriff cannot seize the property of the firm. He can only sell the interest of the partner against whom the execution issued. It follows that all the sheriff sold and all that Musser bought was the interest of Durborrow. As the purchaser of such interest Musser had the right to an account from Nash, nothing more. He could not take the possession of any specific article of property. The possession and the right of possession were in Nash. Hence the various agreements by which Musser attempted to lease the property to Durborrow were no better than blank paper. They had no validity. Musser bought nothing which could be the subject of a lease. He is undoubtedly entitled to an account from Nash, but to what extent and for what property we are not now called upon to decide. Nash is no party to this record and his rights cannot and ought not to be affected by any decree in this case. The attempt of the court below to put Musser in possession of his interest was a fruitless proceeding. The writ of assistance commanded the sheriff to do an impossible thing. The attempt of that officer to execute the writ sufficiently appears by the return. A writ of *habere facias possessionem de bonis* with fi. fa. for costs was first issued. Upon this writ the sheriff demanded the possession of the property from Durborrow and was refused. Then came the writ of assistance referred to with fi. fa. for costs, under which writ the sheriff went with the appellee to the printing office of J. R. Durborrow & Co., and then and there declared to the appellee that "I delivered to him, the said plaintiff, all the interest of him, the said plaintiff, in the presses, types, imposing-stones, cases, racks, and all other printing materials purchased by said J. Hall Musser at a sheriff's sale, on the 25th day of March 1873, and money made." All this was harmless enough except the concluding words " and money made." For the money thus made the appellant must have restitution. We have not touched the merits of this controversy. They are not before us.

> The decree is reversed and the bill dismissed. The costs, including those collected upon the writ of assistance, to be paid by the appellee.