# Kaine's Appeal.

1. In a proceeding to levy and sell upon an execution issued upon a judgment against a member of a firm for his private debt, his interest in said firm, the directions of the Act of April 8th 1873, Pamph. L. 65, must be conformed to and the fieri facias must be a special writ commanding the sheriff to sell the special interest referred to.

2. Hare v. Commonwealth, to use, of Porterfield & Co., *ante*, p., 141, followed.

November 22d 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON and TRUNKEY JJ. STERRETT and GREEN, JJ., absent.

Appeal from the Court of Common Pleas of *Fayette county:* Of October and November Term 1879, No. 213.

Appeal of Mrs. Eliza J. Kaine, and D. Kaine, her husband, from the decree of the court, distributing the proceeds arising from the sale of the partnership interest of William H. Baily in the personal property, interest and effects in the partnership of Fuller, Laughead, Baily & Co.

The facts are stated in the following opinion of the court below, Willson, P. J.

11 NORRIS—18

[Kaine's Appeal.]

" From the writs and returns thereon, the following appears to be the facts connected with the levy and sale of defendant's property, from which the money now in court was made. On No. 9, September Term 1878, execution docket sur judgment, No. 27, September Term 1878, in favor of Asa Harris, a return was made by the sheriff, that he had levied on and sold personal property of the defendant, and that on 'August 29th, he levied on real estate as per schedule attached.' This writ was returnable on first Monday of September 1878, and was then returned. An examination of the schedule attached to said return shows that the sheriff had levied on defendant's interests in certain partnership real estate held by the firm of G. H. Wood & Co., and also on defendant's interest in the partnership of Hogsett, Watt & Co., and also on defendant's interest in the partnership of Fuller, Laughead, Baily & Co.

" On September 2d 1878, being the first Monday, an alias fi. fa., to No. 1, December Term 1878, E. D., was issued on the judgment of Mrs. Kaine, against William H. Baily, at No. 415, June Term 1878, and a levy made on defendant's interest in the partnership of Fuller, Laughead, Baily & Co., and the same was sold on September 30th, for $800.

" On the 28th of September a venditioni exponas to No. 34, December Term 1878, E. D., was issued on the Harris judgment, directing him to sell the property levied as per return to fi. fa., No. 9, September Term 1878, E. D. To this writ the sheriff returns, inter alia, that he had sold the defendant's interest in the partnership of Fuller, Laughead, Baily & Co., as per return to fi. fa., No. 1 December Term 1878.

" The money made by the sale of defendant's interest in the partnership of Fuller, Laughead, Baily & Co., being claimed by Mrs. Kaine and by Asa Harris, the sheriff, on leave given, paid the amount, less costs, into court, and we are now asked to decide to which of the execution-creditors the money shall be paid.

" It is claimed, on behalf of Mrs. Kaine, that the sheriff had abandoned the levy he had made on the Harris execution; that he merely made the levy and then returned the fi. fa., without stating that the property remained unsold for want of bidders.

" On behalf of Asa Harris, it is claimed that the sheriff having made a levy before the return-day of the writ, and having omitted to sell on the fi. fa., without any directions from the plaintiff Harris, or his attorney to delay selling, the lien of the levy still remained in full force, and that Harris is entitled to the money as the senior execution-creditor.

" It may be that the sheriff thought he could not sell the defendant's interest in partnership real estate on the fi. fa., and, therefore, returned the writ without offering the property described in the schedule for sale. Whatever may have been the notion of the

sheriff in so returning the Harris fi. fa., it is not alleged that he was directed to do so by the plaintiff or his attorney.

"According to the ruling in Howell *v.* Alkyns, 2 Rawle 282; Hickman & Black *v.* Caldwell, 4 Id. 376; McCoy *v.* Reed, 5 Watts 300, and McClure *v.* Ege, 7 Id. 74, the execution plaintiff cannot be prejudiced by the act of the sheriff in delaying to make a sale where a levy has been made before the return-day of the writ, unless the plaintiff suffers the sheriff to procrastinate for an unreasonable length of time. In this case the plaintiff, Harris, only wasted some twenty-six days, before he issued a vend. exp., a writ that is presumed to be issued by the court, on account of the sheriff being in contempt for not executing the former writ, as he was bound to do. As a levy was made on the Harris fi. fa., and the failure to sell being entirely the act of the sheriff, and the plaintiff not having waited for an unreasonable time in issuing the second writ, the money in court must be applied to the Harris judgment.

"And now, June 24th 1879, after hearing the parties, it is ordered that the rule to show cause why the money in court should not be paid to Asa Harris, be made absolute."

From this decree this appeal was taken.

*D. Kaine* and *Coldren*, for appellants.—The levy and sale of the defendant Baily's partnership interest in this case was of course made under the Act of April 8th 1873: Purdon's Dig. 1813.

This act introduces a new and very extraordinary proceeding, and must be confined strictly to the subject-matter to which it refers, and the manner in which it is to be executed. It authorizes the sheriff or other officer having a writ of fieri facias to levy the sum of said judgment, with interest and costs of suit, upon the interest of the defendant or defendants in said writ of any personal, mixed or real property, rights, claims or credits in such partnership, and thereupon to proceed and sell the same. He must sell on the writ of fieri facias—he can have no other—the act provides for no other. The fieri facias, by virtue of the levy would be a lien during its life, but not beyond. There is no provision for any venditioni exponas, and there can be none. In this case the sheriff levied Mrs. Kaine's writ on this partnership interest and sold the same strictly under the act. It was levied subject to no other writ, and if this law is regarded it is entitled to the money.

*Boyle & Mestrezat,* for appellees.

Mr. Justice PAXSON delivered the opinion of the court, November 28th 1879.

The executions in this case were both irregular under the authority of Hare *v.* The Commonwealth, to use of Porterfield &

[Kaine's Appeal.]

Co., decided at this term, *ante*, p. 141. It was there held that in a proceeding to levy and sell upon an execution issued upon a judgment against a member of a firm for his private debt, his interest in said firm, the directions of the Act of 8th April 1873, Pamph. L. 65, must be conformed to, and that the fieri facias must be a special writ, commanding the sheriff to sell the interest referred to, &c. These executions were in the usual form, and the sheriff might well have refused to make a levy under them. But he did levy and sell, and the money is now in court for distribution, and claimed upon each writ. To which must it be applied? Obviously to the one on which the sale was made. The record shows that it was made upon the Kaine writ. It could not have been made upon the Harris writ as the fieri facias had been returned with the levy, and a venditioni exponas issued on the 28th day of September. This was only two days before the sale on the Kaine writ. It is plain therefore there was not and could not have been a sale under the venditioni exponas. Nor could the latter hold the proceeds by virtue of the lien of its prior levy, for not being in conformity to the Act of 1873 it conferred no lien. In such case the execution upon which the property was sold must take the money. The facts of the case as well as the sheriff's return show that the money was made on the Kaine writ.

The decree is reversed at the costs of the appellee, and it is ordered that the fund in court be paid to the appellants.