> The decree is affirmed and the appeal dismissed at the costs of the appellants.

---

## APPEAL OF FRANKLIN DENGLER.

[FRANKLIN DENGLER v. CHAS. BUETTNER.]

FROM THE DECREE OF THE COURT OF COMMON PLEAS OF BERKS COUNTY.

Argued March 6, 1889—Decided March 18, 1889.

[To be reported.]

1. The supplemental act of April 8, 1873. P. L. 65, authorizing a special writ of fieri facias for the sale of the interest of a defendant in a co-partnership of which he is a member, did not provide a new remedy, but recognized, enlarged and rendered more effective a remedy heretofore existing.
2. Where an actual levy has been made on a judgment defendant's copartnership interest, under an ordinary writ of fieri facias, such levy will prevail over a levy made under a special writ of fieri facias subsequently issued under said act of 1873 : Hare v. Commonwealth, 92 Pa. 141, explained and distinguished.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 61 January Term 1889 Sup. Ct.; court below, No. 3 March Term 1888, E. D., C. P.

On February 18, 1888, a fieri facias to No. 3 March Term 1888, E. D., was issued upon a judgment entered to No. 13 February Term 1888, in favor of Franklin Dengler against Chas. Buettner, for $300. The præcipe for the writ contained no special instructions to the sheriff, but on February 20, 1888, acting under verbal instructions, the sheriff, levied " on the personal property of defendant, also on defendant's right, title and interest in the personal property in the firm of Buettner & Stoneback, a schedule of which is hereto annexed."

On February 21, 1888, a fieri facias to No. 7 March Term 1888, E. D., was issued upon a judgment entered to No. 17 February Term 1888, in favor of James Stoneback, for use of Nicholas Glaser, against Chas. Buettner for $650. The præcipe for the writ contained a special instruction to the sheriff to levy upon the defendant's interest in the copartnership of Buettner & Stoneback, and on February 25, 1888, the sheriff levied "on the right, title and interest in the personal property of the defendant, in the firm name of Buettner & Stoneback, subject to a former levy."

The sheriff returned the first of the above writs, No. 3 March Term 1888, E. D., as follows : "February 22, 1888, part of personal property claimed by Catharine Buettner, and on March 1, 1888, sold the balance of the personal property for the sum of $203.45."

To the second of said writs, No. 7 March Term 1888, E. D., the return was : "Sold the personal property on March 1, 1888, as per return on fieri facias No. 3 March Term 1888."

On August 2, 1888, a rule was granted to show cause why the amount realized under the said writs should not be paid into court, and why the same should not be paid to Nicholas Glaser, the use plaintiff in the second execution, on the ground that as the first execution did not follow the act of April 8, 1873, P. L. 65, it must be postponed in the distribution.

On October 1, 1888, the rule having been argued, the court, HAGENMAN, P. J., filed the following opinion and decree :

On February 18, 1888, at the instance of Franklin Dengler, an execution in the ordinary form was issued against Charles Buettner, and placed in the sheriff's hands. On February 21, 1888, at the instance of Nicholas Glaser, an execution was issued against said Charles Buettner under the act of assembly of April 8, 1873. In the præcipe, the prothonotary was directed to issue the fieri facias, commanding the sheriff to levy upon the interest of the defendant above named, of any personal, mixed or real property, right, claims, and credits in the business or partnership of Charles Buettner and James Stoneback, trading as Buettner & Stoneback, in the city of Reading. The fieri facias was made out in conformity with said act, and as per direction of the præcipe.

The interest of Charles Buettner in the property or business of Buettner & Stoneback was sold by the sheriff on March 1st, and the sum of $203.45 was realized. The levies were made in the order of time in which the executions came to hand. Prior to the act of 1873, the money realized would have gone to satisfy the Dengler execution, and so also it would now, if the Glaser execution had been issued in the ordinary form. Both executions being irregular, the proceeds would have to go to the one prior in time. But how in the present case? The Dengler execution was irregular, the Glaser was regular. To which must the money be applied? We answer, to the latter.

The first section of the act of April 8, 1873, P. L. 65, provides: "Whenever any judgment has been, or hereafter shall be, obtained against one or more members of a partnership, upon the individual indebtedness of such defendant or defendants, any such creditor may have execution fieri facias issue from the court where such judgment is entered, which shall command the sheriff or other officer to levy the sum of such judgment, with interest and costs, upon the interest of the defendant or defendants in said writ of any personal, mixed or real property, rights, claims, and credits in such partnership, and thereupon proceed and sell the same," etc.

It will be observed that the act provides for a special fieri facias to issue, to levy and sell the interest of a partner in a partnership firm. It directs how the sale shall be advertised and defines the effects of it. The mode of procedure, therefore, having been provided, it must be followed. The act of 1806, provides that "in all cases where a remedy is provided or duty enjoined, or anything directed to be done by an act or acts of assembly of this commonwealth, the direction of said act shall be strictly pursued." Numerous decisions have settled the law, that by force of this act, when a remedy is pointed out in an act of assembly it is exclusive of all others. As a special proceeding has been provided by the act of 1873, where the interest of a partner of a firm is sought to be levied on and sold, the mode pointed out by the act must be followed; and it is exclusive of all others.

We are not without authority: Hare v. Commonwealth, 92 Pa. 141. In that case an ordinary writ of fieri facias was issued. It contained no command to the sheriff to levy upon the inter-

est of the defendant in a partnership of which he was a member. Subsequently, and while this writ was in the hands of the sheriff in full force and unexecuted, a second execution came into his hands. This was a special writ of fieri facias under the act of 1873, commanding the sheriff to levy upon the interest of the defendant in the partnership. The interest of the defendant was sold, and the proceeds were for distribution under a case stated.

Justice PAXSON in his opinion, says : " The precise question for our determination, under the case stated, is whether it was the duty of the sheriff when informed by the special levy contained in execution No. 88 October Term 1875 (the second execution), of the interest of Lloyd in the firm referred to, to have levied upon said interest under the prior execution No. 55 September Term 1875 (the first execution) ; and, if so, whether such levy upon such prior writ, would have been entitled to priority of distribution. Each of these propositions must be answered in the negative. Since the passage of the act of 1873, the mode therein prescribed must be pursued. As writ No. 55 September Term 1875, did not conform to the act, the sheriff was under no duty to levy, upon the partnership interest under it, and if he had done so, upon distribution it would have been postponed to the latter." It may be said that Hare v. Commonwealth does not exactly decide the question before us, but the dictum of Justice PAXSON squarely ruled it. He is too eminent a jurist to announce in an opinion, what is not law.

And now, October 1, 1888, the rule on the sheriff to pay the money into court, is made absolute, and the rule to decree to Nicholas Glaser $203.45, less the costs, is also made absolute.

Thereupon Franklin Dengler took this appeal, specifying that the court erred in decreeing the fund to Nicholas Glaser, the second execution creditor.

*Mr. W. H. Livingood* (with him *Mr. George J. Gross, Jr.*), for the appellant :

1. In Hare v. Commonwealth, 92 Pa. 141, two executions were issued, one in the ordinary form, and the other containing the special direction prescribed by the act of 1873. There

the similarity of the cases ceases. The sheriff still had the first writ in his hands unexecuted, when the second or regular one came into his possession. This court, therefore, rightly decided that the sheriff was under no obligation, when informed of such fact by the second execution, to levy upon the partnership interest under the first writ, adding that if he had done so distribution of the proceeds would have been made to the second writ. In the present case, the sheriff might well have refused to levy on the partnership interest under the first writ, on the ground that the act was not complied with; but he did levy and sell such interest, and that he had the right to do so is decided in Kaine's App., 92 Pa. 276.

2. In any event, the property outside of the partnership interest was bound by the levy upon the first execution. The act of 1873 prescribes specifically what the sheriff may sell by virtue of proceedings thereunder; that is, simply the interest the defendant may have in the partnership: the purchaser acquires a right to an accounting and nothing more: Durborrow's App., 84 Pa. 404; Gregory's App., 15 W. N. 526. In the sheriff's return to the second execution, there is nothing to show that he levied on anything other than the defendant's partnership interest; and the only money returned as having been made by the sale was the amount realized from "personal property as per return to fieri facias No. 3 March Term 1888."

*Mr. Henry C. G. Reber* (with him *Mr. Jeremiah K. Grant*), for the appellee:

1. The act of March 21, 1806, § 13, 4 Sm. L. 332, provides that "in all cases where a remedy is provided or a duty enjoined, or anything directed to be done by any act or acts of assembly of this commonwealth, the directions of said acts shall be strictly pursued." That this act is conclusive upon the point and is applicable to the proceedings authorized by the act of 1873, is apparent from the opinion of this court in Wike v. Lightner, 1 R. 289.

2. "The præcipe is a part of the record; it is the foundation of the proceedings, being the order of the plaintiff's attorney for issuing the first process:" Fitzsimons v. Salomon, 2 Binn. 439. This order was incorporated into the second writ, was enforced according to the forms of the law, and there was

Opinion of the Court.

therefore a strict compliance on the part of the second execution creditor with all the statutory requirements, and no error was committed in the distribution of the proceeds of sale: Hare v. Commonwealth, 92 Pa. 141; Kaine's App., 92 Pa. 273: Suydam v. Insurance Co., 51 Pa. 394; Richard v. Allen, 117 Pa. 199; McKinney v. Navigation Co., 14 Pa. 65; Norwegian St., 81 Pa. 354.

OPINION, MR. JUSTICE STERRETT:

The sole question is, which of the parties to this contention is entitled to the fund realized from the sheriff's sale on their respective writs of fieri facias against Charles Buettner.

The writ of appellant, No. 3, March Term, 1888, was issued February 18, 1888, in the ordinary form, and returned by the sheriff: " Levied February 20, 1888, on the personal property of the defendant, and also on defendant's right, title and interest in the personal property in the firm of Buettner & Stoneback, a schedule of which is hereto annexed. February 22, 1888, part of personal property claimed by Catharine Buettner, and on March 1, 1888, sold the balance of the personal propty for the sum of $203.45. So answers George B. Schaeffer, sheriff."

The appellee's writ, issued February 21, 1888, contained a special instruction to levy on defendant's interest in the co-partnership of Buettner & Stoneback, of which firm he was then a member, and was returned by the sheriff: " Levied February 25, 1888, on the right, title, and interest in the personal property of the defendant in the firm name of Buettner & Stoneback, subject to a former levy, and sold the personal property on March 1, 1888, as per return on fieri facias No. 3, March Term, 1888."

It will be observed that defendant's personal property and also his interest in the firm of Buettner & Stoneback were each actually levied on, under appellant's writ one day before the second execution issued, and that the levy under the latter was expressly subject to the former levy. As stated in the sheriff's return to the first writ, part of defendant's personal property thus levied on was claimed by Mrs. Buettner, and the residue thereof sold for $203.45. The obvious meaning of the return is, that the fund for distribution is the proceeds of

VOL. CXXV—2

sale of the residue of defendant's individual property, and not his interest in the copartnership. That being so, the appellant is clearly entitled to the fund in court.

But the court below appears to have acted on the assumption that the fund in question is the proceeds of sale of defendant's interest in the copartnership of Buettner & Stoneback, and awarded it to the appellee because neither the præcipe for appellant's writ, nor the writ itself, contained any direction to the sheriff to levy on defendant's interest in the copartnership. If that omission rendered the first levy and sale under appellant's execution void and of no effect, the conclusion of the court below must be correct, but it did not. The act of April 8, 1873, supplementary to the execution act of 1836, which provides, " That whenever any judgment has been or hereafter shall be obtained against one or more members of a partnership, upon any individual indebtedness of such defendant or defendants, any such creditor may have execution . . . . . which shall command the sheriff or other officer to levy the sum of said judgment, with interest and costs of suit, upon the interest of the defendant or defendants in said writ of any personal, mixed or real property, rights, claims and credits in such partnership, and thereupon proceed and sell the same," etc., is in the main declaratory of the law as it was recognized in practice before the passage of the supplement: Doner v. Stauffer, 1 P. & W. 198; Deal v. Bogue, 20 Pa. 228; Lucas v. Laws, 27 Pa. 211; Smith v. Emerson, 43 Pa. 456; Vandike's Appeal, 57 Pa. 9; Durborrow's Appeal, 84 Pa. 404. The rule of practice recognized in these and many other cases that might be cited, was well stated by Mr. Justice WOODWARD in Smith v. Emerson, supra, thus : " An execution creditor of one of two partners has as good a right to levy on partnership effects as upon any other personal property of his debtor. The only peculiarity about such a levy is that it does not bind the goods in specie, nor does the sale, in pursuance of the levy pass them ; but the interest of the debtor in the final settlement of partnership accounts in respect to such goods, is what is seized and sold. That interest, however, is leviable, and a fraudulent concealment of it is just as iniquitous, both in law and morals, as the fraudulent concealment of any other leviable effects."

The supplement of 1873 was not intended to provide a new

remedy, but merely to recognize, enlarge and render more effective a remedy that had been theretofore long in existence.

In Kaine's App., 92 Pa. 273, the executions, instead of containing a special command to the sheriff to levy on defendant's interest in the firm of which he was a member, were in the ordinary form. Under both writs, however, the sheriff levied on that interest, as though he had been specifically directed to do so, and on the first writ, he sold the interest so levied on, and realized therefrom the money in court for distribution. The other writ was returned with the levy, and a venditioni exponas thereon was afterwards issued. This court, recognizing the validity of the sale on the first writ, awarded the money to it. The present Chief Justice, speaking for the court in that case, said : " These executions were in the usual form, and the sheriff might well have refused to make a levy under them. But he did levy and sell, and the money is now in court for distribution and claimed on each writ. To which must it be applied ? Obviously to the one on which the sale was made. The record shows that it was made on the Kaine writ," etc.

The learned president of the Common Pleas appears to have regarded Hare v. Commonwealth, 92 Pa. 141, as ruling that a levy, made under an execution in the ordinary form, upon a defendant's interest in a partnership is void and of no effect. In that, we think, he misapprehended the principle involved in that case. There, as here, two executions had been issued against a common debtor, the first in the ordinary form, and the second in the special form authorized by the supplement of 1873. The sheriff still had the first in his hands, unexecuted, when the second came into his possession. Both he and the plaintiff in the first writ were theretofore unaware that defendant had any such interest in the partnership. It was held that the sheriff when informed of the fact, was not bound to levy on the partnership interest, under the first writ, and he did not do so, because he was not so directed by the writ. In the case at bar, the sheriff, acting under verbal directions, did make an actual levy on the defendant's interest in the partnership of Buettner & Stoneback, at least one day before appellee's writ was issued. The levy thus made was good, as against the subsequent special execution and levy, subject to the first levy, and the fund raised by the sale is applicable to appellant's execu-

tion. In any view that can be taken of the sheriff's returns, whether we regard them as returning the money made out of the sale of defendant's individual personal property, or out of sale of his interest in the partnership of which he was then a member, the appellee is not entitled to the fund in controversy.

Decree reversed at the costs of appellee, and ordered that the fund be awarded to appellant.