# M. W. Wise *v.* E. Fred Vosburg and J. L. Vosburg. Appeal of R. V. Spackman.

*Execution—Special fi. fa. against partnership interest.*

The Act of April 8, 1873, P. L. 65 authorizing a writ of fieri facias for the sale of the interest of the defendant in a copartnership of which he is a member, did not provide a new remedy but recognized, enlarged and rendered more effective a remedy theretofore existing.

*Execution—Priority of liens.*

Where an actual levy has been made on defendant's interest in a copartnership under an ordinary writ of fieri facias, such levy will prevail over a subsequent levy made under a special writ of fieri facias issued under the act of April 8, 1873.

Argued Feb. 9, 1897. Appeal, No. 24, Feb. T., 1897, by R. V. Spackman, from decree of C. P. Clearfield Co., Feb. T., 1895, Nos. 161 and 162, distributing money arising from sheriff's sale. Before Rice, P. J., Willard, Wickham, Beaver, Reeder, Orlady and Smith, JJ. Affirmed.

Exceptions to auditor's report distributing a fund arising from sheriff's sale. Before Gordon, P. J.

The following facts are found by the auditor:

1. That judgment was entered upon single bill in favor of R. V. Spackman versus E. Fred Vosburg on the 2d day of January, 1895, in the sum of $2,000, and that a writ of fieri facias in the ordinary common form was issued to No. 55, February term, 1895, and lodged with the sheriff, F. M. Cardon, at 10:18 o'clock A. M, on the 2d of January, A. D. 1895; and also that a writ in the special form, commanding the sheriff, "To levy the sum of said judgment, with interest, and costs of suit upon the interest of the said defendant in any personal, mixed, or real property rights, claim and credit in all partnership property consisting of the firm of Vosburg & Hay, said partnership property situate in DuBois, Clearfield county, Pa.," was issued to No. 56, February term, 1895, and lodged with the sheriff at 10:18 o'clock A. M. January 2, 1895, was issued to No. 56, February term, 1895.

On both these writs is the following indorsement: "Levy made December 28, 1894," and the same is indorsed on the writ, see schedule attached to fi. fa., No. 41, February term, 1895. F. M. Cardon, sheriff.

The special writ issued to No. 56, February term, 1895, above mentioned was in pursuance of a precipe, filed with the prothonotary requesting and directing the same.

2. That judgments were entered upon single bills given to M. W. Wise, then cashier of the Bank of DuBois, versus E. Fred Vosburg and J. L. Vosburg to Nos. 161, 162, February term, 1895, on the 27th day of December, 1894, as follows:

"No. 161, February term, 1895, amount debt and attorney commission, $1,995 and interest."

No. 162, February term, debt, attorney's commission, $2,100 and interest, and on the same day a judgment upon single bill

was also entered against E. Fred Vosburg and R. V. Spackman in the sum of $2,200, debt and attorney's commission, with interest, to No. 163, February term, 1895. That writs of fieri facias were issued on judgments Nos. 161 and 162, February term, 1895, on 27th December, 1894, and lodged with the sheriff at 5 o'clock and 19 minutes P. M. of said day. These writs of fi. fa. were both in the common or ordinary form, and neither purported to be special writs under the act of 8th of April, 1873. They are docketed to Nos. 40 and 41, February term, 1895.

3. That a writ of fi. fa. was also issued on judgment No. 163, February term, 1895, on the 2d of January, 1895, and lodged with the sheriff at 10 o'clock and 27 minutes A. M.; on this writ is also indorsed the following, viz: "Now December 28th, 1894, levy made and same is indorsed on this writ, see schedule attached to fi. fa., No. 41, February term, 1895. F. M. Cardon, Sheriff."

This indorsement and the indorsements on writs of fi. fa., Nos. 55 and 56, February term, 1895, mentioned in paragraph 1, can only be read as stating the fact that the sheriff had on the 28th of December, 1894, levied on the property, a schedule of which was attached to fi. fa., No. 41, February term, 1895, for it will be observed that the fi. fa., Nos. 55 and 56, and also the fi. fa., No. 58, February term, 1895, did not reach the sheriff until 2nd January, 1895, and that he therefore intended to refer to the former writs for the levy made.

4. That the sheriff returns the following indorsement on fi. fa., No. 41, February term, 1895, "By virtue of within writ of fi. fa., issued out of the Court of Common Pleas of Clearfield County, and to me directed I have levied upon all the following described goods: 9 show cases and contents, drugs of all descriptions, cigars, stationery, and all defendant's personal property, consisting of a first-class drug store," seized, taken in execution as the property of E. Fred Vosburg.

"Also all defendant's undivided interest in the drug store in the third ward of DuBois, doing business under the firm name of Vosburg and Hay as partners in partnership, seized, taken in execution as the interest of E. Fred Vosburg. F. M. Cardon, Sheriff."

Dec. 28, 1894. There is also indorsed on the writ these words: "Store 8 P. M., Int. Store, 9 P. M."

5. Daniel Wisotzkey, who was deputy sheriff at the time of the issue of these writs on judgments Nos. 161 and 162, February term, 1895, testifies "that when he went to DuBois with the writs he was instructed by Mr. Pentz, attorney for the bank of DuBois to levy on all the personal property of E. Fred Vosburg, and upon his interest in the store in the Third ward, conducted in the firm name of Vosburg & Hay, and that he did so."

The auditor awarded the balance, after deducting costs of the audit, etc. to writs of fi. fa., Nos. 40 and 41, February term, 1895, pro rata. Exceptions were filed to the auditor's report, which were dismissed by the court.

*Error assigned* was in overruling the 2d exception of appellant which exception was as follows : " 2d. The auditor erred in not awarding the money arising from the sale of the partnership interest in the firm of Vosburg & Hay to the special fi. fa. on the judgment of R. V. Spackman instead of awarding it to the general or common fi. fa. on the judgment of the Bank of DuBois."

*A. L. Cole*, with him *H. A. Moore*, for appellant.—This case is controlled by Hare v. Com., 92 Pa. 141, and Kaine's Appeal, 92 Pa. 273.

*W. C. Pentz*, for appellee, relied on Dengler's Appeal, 125 Pa. 12.

OPINION BY RICE, P. J., April 12, 1897 :

The appellee issued a fi. fa. in the ordinary form, and, on December 28, 1894, by direction of his attorney, the sheriff levied upon the defendant's partnership interest in a drug store. On January 2, 1895, the appellant issued a fi. fa. in the special form prescribed by the Act of April 8, 1873, P. L. 65, upon which the sheriff indorsed the levy made on the prior writ as follows : " Now December 28, 1894, levy made and same is indorsed on this writ, see schedule attached to fi. fa. No. 41, February term, 1895," (the appellee's writ). This brief summary of the facts, which are fully set out in the auditor's report, is sufficient to show the precise question for our determination. The appellant's contention is that, although prior in time, the

first-mentioned writ acquired no lien upon the defendant's partnership interest, because it was not in the form prescribed by the act of 1873. The auditor and the court below held that the levy on the special fi. fa. was subject to the levy made on the prior writ, and, upon the authority of Dengler's Appeal, 125 Pa. 12, awarded the fund to the writ first levied. We do not see how they could have done otherwise. The cases are exactly parallel, as the following concise statement of the present chief justice will show: " In the case at bar, the sheriff, acting under verbal directions, did make an actual levy on the defendant's interest in the partnership . . . . at least one day before the appellee's writ was issued. The levy thus made was good, as against the subsequent special execution and levy, subject to the first levy, and the fund raised by the sale is applicable to appellant's execution. In any view that can be taken of the sheriff's returns, whether we regard them as returning the money made out of the sale of defendant's individual personal property, or out of the sale of his interest in the partnership of which he was then a member, the appellee is not entitled to the fund in controversy." We need not take time to point out the distinction between this case and Hare v. Commonwealth, 92 Pa. 141, and Kaine's App., 92 Pa. 273. This was done in Dengler's Appeal.

The decree is affirmed and the appellant is directed to pay the costs.