## WIKE *against* LIGHTNER.

### IN ERROR.

A writ of error does not lie to the Circuit Court.

THE plaintiff in error was defendant below, in an action of eject-
ment.   A verdict having passed against him in the Circuit Court of
*Lancaster* county, held by HUSTON, J., he sued out a writ of er-
ror, which *Buchanan* now moved to quash.

In support of the motion, *Rogers* and *Buchanan* contended, that
a writ of error does not lie to the circuit court where the party has
a remedy by appeal, which he had in the present instance. *Act of
the* 20th *of March,* 1799, *sect.* 4.  By the act of the 8th of *April,*
1826, sect. 1, circuit courts are revived, and the whole system
called again into action precisely as if the act of 1799, had never
been repealed, and under that act the remedy given to the party
who thought himself aggrieved by the judgment of the Circuit Court,
was an appeal in the manner therein prescribed.  The act of the 11th
of *March,* 1809, sect. 6, *Purd.* 416, points out the courts to which
a writ of error may be taken, and those also from which an appeal
lies, which it has been determined, does not lie from the Common
Pleas. *Lessee of M'Clemmons* v. *Graham,* 3 *Binn.* 88.   Where
an appeal is given by statute, it is an implied repeal of the writ of
error. It has, therefore, been decided in *Massachusetts,* that a writ

. (Wike *v*. Lightner.)

of error does not lie to the Common Pleas in those cases in which an appeal is given. 4 *Mass. Rep.* 171, 516.    6 *Mass. Rep.* 4.   9 *Mass. Rep.* 228. 11 *Mass. Rep.* 300, 512.   The circuit courts are intended as a substitution for the courts of *Nisi Prius*, the appeal being a mode of getting the motion for a new trial, in arrest of judgment, &c., before the court in bank. *Act of the* 17*th of March,* 1722, 1 *Sm. L.* 139, 140.  *Act of the* 28*th January,* 1777. *Ibid.* 247.  *Act of the* 25*th of September,* 1826.  *Act of the* 13*th of April,* 1791, 3 *Smith's Laws.* 28.   On an appeal. from the decision of the Circuit Court upon a motion in arrest of judgment, the Supreme Court is in the same situation as the judge of that court when the motion was made, and may direct the verdict and judgment to be entered as he might have done.   The act of the 21st of *March,* 1806, sect. 13, 4 *Sm. Laws,* 332, is conclusive upon the question.  It declares that common law remedies shall be superseded in all cases where a remedy is provided by act of assembly.

*Hopkins, contra,* said that a writ lies to every court of record which proceeds according to the course of the common law.  The jurisdiction of this court cannot be taken away by implication.  The Court of Errors and Appeals had a supervising power over the Supreme Court. *Act of the* 13*th of April,* 1791, sect. 16.  3 *Sm. L.* 32.  Error will lie even to a court of *Nisi Prius.*

The opinion of the court was delivered by

GIBSON, C. J.—In substituting circuit courts for courts of *Nisi Prius,* to which a writ of error did not lie, no alterations were intended but such as should be necessary to accomplish two things—to enable the judge who tried the issue, to render judgment, and to restrict the lien of it to the county in which the record should be. Hence, an appeal was particularly provided, and doubtless to preserve to the court in bank, the immeasurable advantages which, as a means of correction, the motion for a new trial affords in comparison with the writ of error; and hence it would be fair to imply the abrogation of the latter on the ground of intention.   But this construction which has been sustained by the Supreme Court of *Massachusetts,* on the basis of reason and good sense, is expressly enjoined by our legislature, who have subsequently declared, that remedies provided by act of assembly, shall be used in exclusion of remedies at the common law. How this happened to be thought inapplicable to civil proceedings, would not be understood by any one who did not know with what reluctance the courts executed laws that were, at one time, supposed to be aimed at the profession. Its terms are broad and sweeping; and it is part of an act which has entirely changed the forms of proceeding in debt, assumpsit and ejectment.   Of its object, those who remember the temper of the times, can best judge.  But whatever may have been the reluctance

(Wike *v.* Lightner.)

of the courts then, we cannot refuse now, to execute the plain mandate of the legislature. There is no escape from it here but by showing that there may be error, for which the appeal affords no remedy; and, were any such imaginable, we would be bound to allow the writ for its special correction. But an appeal may be taken in every case of "demurrer, special verdict, case stated, point reserved, motion in arrest of judgment, or for a new trial, or, to set aside a judgment, discontinuance, or *non pros;*" and it is therefore more extensively remedial than even the writ of error. As, then, it is adequate to all the purposes of redress, recourse is to be had to it exclusively.

Too, J., dissented. .          Writ of error quashed.