## Hare *versus* Commonwealth, to use, &c.

1. Since the passage of the Act of April 8th 1873, the interest of a partner in firm property cannot be levied upon under an ordinary fi. fa., and the mode prescribed by the act must be pursued.

2. Per PAXSON, J. A new writ is not needed. A fieri facias is the proper writ, and all that is required is to alter it so as to conform to the Act of 1873. The proper practice is to direct the prothonotary, by the præcipe, to issue a fieri facias, commanding the sheriff to levy upon the interest of the defendant in the particular partnership, as set forth in the act. The Act of Assembly has sufficiently designated the form of the writ.

November 13th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Common Pleas, No. 1, of *Allegheny county:* Of October and November Term 1879, No. 379.

Case stated wherein the Commonwealth of Pennsylvania, to use of John Porterfield & Co., was plaintiff, and John H. Hare, sheriff, and James Kelly and M. B. Brown, his sureties, were defendants. The following was the case as stated:

That on June 9th 1875, John Porterfield & Co. obtained a judgment against John L. Lloyd, William Gordon, James Collins and C. L. Brennan, owners of the steamboat "Juniata," at No. 1224 June Term 1875, of this court, for $1229.90, and the same day issued upon said judgment a writ of fi. fa., No. 55 September Term 1875, returnable to the first Monday of September 1875, which execution was received by the sheriff, J. H. Hare, Esq., at 9 o'clock, A. M., of the 10th of June 1875, and so endorsed by said Hare upon the writ. The counsel for the plaintiffs gave no instructions to the sheriff at the time of the delivery of said writ to him, or at any time thereafter, and did not know of any property belonging to the defendants in said writ, or any of them, to levy upon.

That on July 13th 1875, the Champion Coal and Tow-boat Company obtained judgment against the same defendants, Lloyd, Gordon, Collins and Brennan, owners of the steamboat "Juniata," at No. 897 July Term 1875, of the Court of Common Pleas, No. 2, of this county, for $2940.08, and on July 14th 1875, issued thereon a fi. fa., No. 88 October Term 1875, specially directing said sheriff to levy upon the interest of John L. Lloyd in and of any and all personal, real or mixed property, rights, claims and credits of the partnership styled J. G. De Huff & Co. (of which the said Lloyd was a member at the date of said fi. fa.), carrying on the druggist business in the borough of Sharpsburg, in Allegheny county, and having its chief place of business in said county; and of the interest of the said Lloyd in and of any and all property, rights, claims and credits of the partnership styled the Ætna and Sharpsburg Savings Bank (of which said Lloyd was a member at

[Hare *v.* Commonwealth.]

date of said fi. fa.), carrying on the business of banking, and having its principal place of business in said county. That said fi. fa., No. 88 October Term 1875, containing said special levy, was received by the said John H. Hare, sheriff, at 9 o'clock, A. M., of the said 14th day of July 1875, and that in pursuance thereof, he, the said sheriff, did, on the said 14th day of July 1875, at 9 o'clock, A. M., levy upon the interest of said John L. Lloyd in and of all personal and mixed property, rights, claims and credits of said partnership firms of J. G. De Huff & Co., and "The Sharpsburg and Ætna Savings Bank," as in and by said writ he was directed and commanded to do, and by virtue of said writ and levy, having first given due and legal notice of the time and place of sale, did, on the 23d day of July 1875, expose to public sale the interest of said John L. Lloyd in and of the personal and mixed property, rights, claims and credits of the said partnership firms, and sold the same for the sum of $1320. That said fi. fa., No 55, September Term 1875, remained in the sheriff's hands from the time of its receipt by him as aforesaid, until after the sale above mentioned, without any levy having been made under the same upon the interests of said John L. Lloyd in said partnership firms. That after said sale of July 23d 1875, the said John H. Hare, sheriff, finding said fi. fa. No. 55 September Term 1875, to be in his hands and to be prior in order of time to said fi. fa., No. 88 October Term 1875, refused to appropriate the proceeds of said sale to · either of said writs (they being claimed by the respective plaintiffs in each of said writs), but, after deducting the costs in both writs, to wit: the sum of $34.03, by leave of court he paid the balance, $1285.97, into court. That thereupon the court appointed an auditor to make distribution of said proceeds, before whom the plaintiffs in said writs appeared and made proof of the facts herein stated. That said auditor, on November 29th 1875, reported to this court a distribution appropriating the fund, paid into court as aforesaid, to said fi. fa., No. 88 October Term 1875. That exceptions having been taken by the plaintiffs in fi. fa., No. 55 September Term 1875, to the finding and distribution of said auditor, they came on for hearing before this court, and were overruled and the report of said auditor confirmed absolutely. That said exceptants thereupon took an appeal to the Supreme Court of this state, at No. 151 October and November Term 1876, assigning for error the rulings of this court in overruling said exceptions and confirming said report; at which term the said Supreme Court affirmed the rulings of this court. That upon said action of this court and of the said Supreme Court, the proceeds of said sale were paid out of court to said fi. fa., No. 88 October Term 1875, whereupon the said plaintiffs, being the plaintiffs in said fi. fa., No. 55 September Term 1875, brought this action.

Now it is agreed that if the court is of opinion that it was the

[Hare v. Commonwealth.]

duty of the sheriff, when informed by the special levy contained in said fi. fa., No. 88 October Term 1875, of the partnership interests of said John L. Lloyd in said firms of J. G. De Huff & Co. and The Sharpsburg and Ætna Savings Bank, to have levied upon said interests under said fi. fa., No. 55 September Term 1875, at or prior to the sale thereof, and that a levy so made would, notwithstanding the levy made in pursuance of special directions under said fi. fa., No. 88 October Term 1875, have given to said fi. fa., No. 55 September Term 1875, priority in the distribution of the proceeds of said sale, then judgment to be entered for the plaintiffs against the defendants for the sum of $1285.97, with interest from the first Monday of September 1875.

But if the court be of the opinion that said fi. fa., No. 88 October Term 1875, which specially directed the sheriff to levy upon said John L. Lloyd's interests in said firms, would have had priority in the distribution of the proceeds of said sale, notwithstanding any levy the sheriff might, subsequently to the reception of said writ, have made thereon, by virtue of said fi. fa., No. 55 September Term 1875, then judgment to be entered for defendants.

The court was of opinion that the law under the facts as stated was with the plaintiff, and directed judgment to be so entered for $1285.97, with interest from the first Monday of September 1875, and costs.

The defendants took this writ, and assigned this action of the court for error.

*S. H. Geyer*, for plaintiffs in error.—Prior to the Act of April 8th 1873, Pamph. L. 65, a fi. fa. in the hands of the sheriff did not bind the interest of a defendant in a partnership before actual levy thereon. To hold that the interest of a defendant in a partnership is bound by a fi. fa., from the date of its delivery to the officer, might and would in many instances lead to very great injustice, and seriously interfere with and retard the dealings and transactions between the partners themselves, and would necessarily discourage the formation of such associations.

Since the passage of the act, can a defendant's interest in a partnership be levied on and sold otherwise than as directed in and by said act? This act provides for the issuance of a special fi. fa. to levy and sell such interest, and directs how the sale shall be advertised, and defines the effect of it. We claim that the Act of April 8th 1873 is exclusive, and that the interest of a defendant in a partnership cannot be bound or levied on by an execution for his individual debt otherwise than as pointed out by said act.

*M. A. Woodward*, for defendant in error.—Under the acts of Assembly the fi. fa. binds all the "personal estate of the defendant" from the hour of the day upon which the sheriff or coronor,

receives the writ, and they are to endorse the hour, day, month and year upon the writ.   Executions issued on the same day, and delivered to the sheriff at different periods of that day, must be paid out of the proceeds in the order as to time in which they came to the sheriff's hands:" Ulrick *v.* Dreyer, 2 Watts 303.   A fi. fa. binds all the defendant's property in the bailiwick from the time it is put in the sheriff's hands: Duncan *v.* McCumber, 10 Watts 212; Irons *v.* McQuewan, 3 Casey 196.

The Act of 1873 does not change the law.   The proceedings, notwithstanding this act, must be the same as the old practice to give it any sensible effect.

Mr. Justice PAXSON delivered the opinion of the court, November 28th 1879.

The Act of 8th April 1873, Pamph. L. 65, Purd. Dig. 1813, provides a special form of proceeding where it is sought to levy upon and sell the interest of a partner in the firm of which he is a member.   Without entering into all the details of said act, it contains two features that are essentially different from the practice existing at the time of its passage.   1st. The judgment must be entered in the county where the chief office or place of business of the said partnership is or was last located; or if not entered in such county, then a *testatum* writ of fieri facias may issue upon such judgment, as in case of a fieri facias; and 2d, The fieri facias is required to be a special writ, " which shall command the sheriff or other officer to levy the sum of said judgment, with interest and costs of suit, upon the interest of defendant or defendants in said writ, of any personal, mixed or real property, rights, claims and credits in such partnership, and thereupon proceed and sell the same," &c. In most, if not in all other respects, the act is merely declaratory; it being well settled, that prior to its passage, the interest of a partner in a firm could be sold upon a fieri facias, issued upon a judgment recovered against him for his individual debt: Deal *v.* Bogue, 8 Harris 228; Vandike *v.* Rosskam, 17 P. F. Smith 330. But the provision requiring the sale to take place in the county where the chief place of business of the firm is located, is important, and cannot fail to prove beneficial.   Prior to the act, the interest of a partner residing in Pittsburgh, in a firm located and doing business in the city of Philadelphia, could be sold by the sheriff of Allegheny county upon a writ of fieri facias, without notice to, or the knowledge of the firm.   This was a serious evil, and liable to entail loss and inconvenience upon firms so situated.   The Act of 1873 was evidently intended to remedy this defect, and it has certainly done so to a very great extent.

The legislature having provided a particular mode of procedure in such cases, it must be followed.   The Act of 21st March 1806, Purd. 58, 4 Sm. Laws 332, provides that, " In all cases where a

remedy is provided, or duty enjoined, or anything directed to be done by any Act or Acts of Assembly of this Commonwealth, the directions of the said act shall be strictly pursued; and no penalty shall be inflicted, or anything done agreeably to the provisions of the common law in such cases, further than shall be necessary for carrying such act or acts into effect." This act was formerly held to extend only to penal actions and indictable offences: Rees v. Emerick, 6 S. & R. 286. But later decisions have extended it both to civil and criminal proceedings: Wike v. Lightner, 1 Rawle 289. In Suydam v. North-Western Insurance Co., 1 P. F. Smith 394, it was said: " These acts having thus provided a remedy and devised a system by which the rights and credits of a corporation, the debts due it, deposits belonging to it, all that is applicable to the payment of its debts, may be reached at the suit of a judgment-creditor, the mode pointed out is, by force of the Act of 1806, exclusive of all others." We might multiply authorities, but it is not needed. The principle is well settled.

The first execution issued in this case, No. 55 of September term 1875, was an ordinary writ of fieri facias. It contained no command to the sheriff to levy upon the interest of John L. Lloyd, defendant therein, in the firms of De Huff & Co., and the Ætna and Sharpsburg Savings Bank; nor was the sheriff or the plaintiffs in the execution aware that Lloyd was the owner of any such interests. Subsequently, and while this writ was in the hands of the sheriff in full force and unexecuted, the execution No. 88 October term, came into his hands. This was a special writ of fieri facias under the Act of 1873, commanding the sheriff to levy upon the interest of Lloyd in the partnerships referred to. The sheriff obeyed the command of the writ and made the levy, and the proceeds of the sale thereunder were afterwards awarded to the second execution, the one upon which the levy had been made.

The precise question for our determination under the case stated is, whether it was the duty of the sheriff, when informed by the special levy contained in execution No. 88 October term 1875, of the interest of Lloyd in the firms referred to, to have levied upon said interest under the prior execution, No. 55 September term 1875; and if so, whether such a levy upon such prior writ, would have entitled the latter to priority of distribution.

Each of these propositions must be answered in the negative. Since the passage of the Act of 1873, the mode therein prescribed must be pursued. As writ No. 55 September term 1875 did not conform to the act, the sheriff was under no duty to levy upon the partnership interests under it; and if he had done so, upon distribution it would have been postponed to the later writ.

It has been suggested, that if a new writ was intended by the Act of 1873, this court should have established one under the third

11 NORRIS—10

[Hare *v.* Commonwealth.]

section of the Act of 16th June 1836, and that in the absence of such writ the old form could be used.

We do not regard this as a case for devising a new writ under the act referred to. A new writ is not needed. A fieri facias is the proper writ; and all that is required, is to alter it so as to conform to the Act of 1873. The proper practice is, to direct the prothonotary by the precipe, to issue a fieri facias commanding the sheriff to levy upon the interest of the defendant in the particular partnership, as set forth in the act. The Act of Assembly has sufficiently designated the form of the writ.

The judgment is reversed, and judgment is now entered for the defendant upon the case stated.