# Borough of Beltzhoover *versus* Gollings.

1. Where a property-owner is injured by reason of a change in the grade from the original location of a street in a borough, his sole remedy is by petition to the Common Pleas in the manner provided by the Act of May 24th 1878, Pamph. L. 129. Trespass will not in such case lie against the borough.

2. Where in an action of trespass brought to recover such damages, there is also a claim for injuries alleged to have been caused by negligence in the grading, and the question of a different remedy for the two injuries has not been fully presented, a venire de novo will be awarded in order that it may be determined whether the Act of Assembly is not inapplicable to part of the damages.

October 12th 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas No. 1 of *Allegheny county:* Of October Term 1882, No. 82.

Trespass, by Henry Gollings against the Borough of Beltzhoover to recover for damages done to the plaintiff's property (1) by excessive flow of water, caused, as alleged, by the negligence of the defendant's servants in grading a public street; (2) by a change of grade of said street.

On the trial, before STOWE, P. J., the defendant claimed (1) that the damage was caused by an extraordinary rain, such as could not reasonably have been provided against; (2) that the contract, under which the grading was done, was not authorized by a valid borough ordinance, and therefore the plaintiff's remedy, if any, was against the contractor and not against the borough.

The defendant presented, inter alia, the following points:

1. That under the law and all the evidence in the cause the verdict must be for the defendant. Refused. (First assignment of error.)

6. If the jury believe from the evidence, that the injury done to the premises of plaintiff was the result of an unusually heavy or extraordinary storm of rain, which could not have been provided against by the exercise of ordinary care, there can be

[Borough of Beltzhoover *v.* Gollings.]

no recovery against the defendant, even should the jury find that the persons engaged in the grading of the said streets were the agents and servants of the Borough defendant.

*Answer.* This would be directing you to find a verdict for the defendant, simply because the plaintiffs failed to sustain one ground of action. We are compelled to refuse it as a whole, but that the defendant may have the benefit of it, we refuse it as to damage done by the grade but affirm it as to damage arising from the water. It is correct in so far as the damage alleged to have been done by water is concerned.

Verdict for the plaintiff, in the sum of $187.50, damages by water, and in the sum of $375, damages by grading, in all, the sum of $562.50. and judgment thereon. Whereupon the defendant took this writ of error, assigning for error, inter alia, the answers to the above points.

*T. H. Davis,* for the plaintiff in error.

*J. H. P. Duff,* for the defendant in error.

Mr. Justice MERCUR delivered the opinion of the court, November 20th 1882.

Art. XVI. section 8 of the Constitution of 1874 declares "municipal and other corporations and individuals invested with the privilege of taking private property for public use, shall make just compensation for property taken, injured or destroyed by the construction or enlargement of their works, highways or improvements."

Section 1 of the Act of 24th May 1878, Pur. Dig. 2092, pl. 15, inter alia, declares: " in all cases where the proper authorities of any borough within this Commonwealth, have or may hereafter change the grade or lines of any street or alley or in any way alter or enlarge the same, thereby causing damage to the owner or owners of property abutting thereon without the consent of such owner, or in case they fail to agree with the owner thereof for the proper compensation for the damage so done or likely to be done or sustained by reason thereof," the court of Common Pleas of the proper county, on the application of the borough authorities or of the owner of the property claimed to be damaged, shall appoint five disinterested citizens of the county, " to estimate and determine whether any, and if any, how much damage such property may have sustained or seems likely to sustain by reason thereof, " and make report to the court, with power to either party to file exceptions thereto, and to appeal from the judgment entered thereon."

The specific right to damages in this case rests on the section of the statute cited. The claim is for damages sustained by rea-

son of a change in grade from the original location of a street in the borough, and by making the same in such a manner as to cause the injury to the property of the defendant in error abutting thereon. Although this Act of Assembly gives a full and specific remedy for such an injury, yet it does not appear to have been called to the attention of the court below, nor was it cited on the argument before us. Indeed, the learned judge assumed the legislature had not made any provision to carry into effect that clause of the Constitution, nor provided any specific mode for assessing the damages, therefore he sustained this action of trespass.

The Act of 21st March 1806, section 13, declares: "in all cases where a remedy is provided or duty enjoined or anything directed to be done in any Act of Assembly, the directions of the said Act shall be strictly pursued and no penalty shall be inflicted or anything done to the provisions of the common law in such cases, further than shall be necessary for carrying such Act into effect." This Act is held to apply to civil proceedings and actions. Wike *v.* Lightner, 1 Rawle 289; Brown *v.* Commonwealth, 3 S. & R. 271. When a statute creates a right and provides a particular mode by which it may be vindicated, no other remedy than that afforded by the statute can be enforced: Moyer *v.* Kirby, 14 S. & R. 165; Turnpike Co. *v.* Brown, 2 P. & W. 463; Same *v.* Martin, 2 Jones 362.

It follows the defendant must seek redress under the statute for whatever damages he may have sustained by reason of the change of grade. The first assignment is therefore sustained. This conclusion makes it unnecessary to consider the other assignments.

Inasmuch as the claim consists of two parts and the question of a different remedy for each was not fully presented, we will send the case back for another trial to determine whether the Act of Assembly may not be inapplicable to part of the damages.

Judgment reversed and a venire facias de novo awarded.