Dailey v. Chappell.

## INSURANCE—PLEADING—TRIAL.

[Lucas (6th) Circuit Court, June 12, 1909.]

Parker, Wildman and Kinkade, JJ.

JAMES A. DAILEY v. JOHN H. CHAPPELL.

1. ANSWER FAILING TO AVER REBATE DEFENSE TO ACTION ON NOTES GIVEN FOR IN-SURANCE.

An answer, in an action on notes given for life insurance, alleging: (1) that the notes were executed upon an express agreement that they should be discounted with a certain brokerage firm of which insured was a member and brokerage allowed such firm, otherwise the insurance should be void and the policy cancelled; (2) that upon notice of failure to carry out said brokerage agreement, the policy was returned to the agent, cancellation demanded and return of notes requested; and (3) that insured became the beneficiary of a rebate, illegal and contrary to Sec. 1 of act 90 O. L. 345 (Lan. Rev. Stat. 5802; B. 3631-4), is defective in that it fails to bring insured within the terms of the statute so as to invalidate the notes or make them fail for want of consideration.

2. JUDGMENT OF THE PLEADINGS, NOT PREJUDICIAL.

Judgment on the pleadings without testing the sufficiency of the answer by demurrer is not prejudicial error, no motion being made by defendant for leave to amend his answer or file some other pleading.

[Syllabus approved by the court.]

ERROR to Lucas common pleas court.

J. J. Keenan, for plaintiff in error:

Cited and commented upon the following authorities. *Columbus* v. *Reinhard,* 1 Circ. Dec. 159 (1 R. 289); *Jones* v. *Procter,* 24 O. C. C. 80 (3 N. S. 649); *Weaver* v. *Carnahan,* 37 Ohio St. 363; *Markley* v. *Mineral City (Vil.),* 58 Ohio St. 430 [51 N. E. Rep. 28; 65 Am. St. Rep. 776]; *Kahn* v. *Walton,* 46 Ohio St. 195 [20 N. E. Rep. 203]; *Tillinghast* v. *Craig,* 9 Circ. Dec. 459 (17 R. 531); *Roll* v. *Raguet,* 4 Ohio 400 [22 Am. Dec. 759].

Lloyd & Rettig, for defendant in error.

## WILDMAN, J.

This is a proceeding in error to reverse a judgment rendered in the court below in a suit in which the present defendant in error, Chappell, was plaintiff, and Dailey was defendant. Chappell brought suit upon promissory notes given in payment of a premium for a life insurance policy. Judgment was first obtained before a justice of the peace, and appeal taken to the court of common pleas. A petition, answer and reply were filed in the court of common pleas,

but shortly before the filing of the reply by the plaintiff Chappell, a motion was made for judgment on the pleadings, and the court sustained the motion, rendering judgment in favor of Chappell.

Chappell's answer is somewhat peculiar. It seeks to assert rights arising under Sec. 1 of act 90 O. L. 345 (Lan. Rev. Stat. 5802; B. 3631-4), the section being applicable to life insurance. It contains three prohibitions, as we analyze the section, against attempted favoritism practiced sometimes by life insurance companies in favor of particular policy holders. The statute is intended in the interest of the people, to require life insurance companies to treat alike all persons seeking the benefits of insurance.

The section reads:

"No life insurance company doing business in Ohio, shall make or permit any distinction or discrimination in favor of individuals between insurants of the same class and equal expectation of life in the amount or payment of premiums, or rates charged for policies of life or endowment insurance, or in the dividends or other benefits payable thereon, or in any other of the terms and conditions of the contract it makes." That is one of the prohibitions.

"Nor shall any such company, or agent thereof, make any contract of insurance or agreement as to such contract, other than is plainly expressed in the policy issued thereon." That is the second prohibition, and the third is:

"Nor shall any such company or agent pay or allow, or offer to pay or allow, as inducement to insurance, any rebate of premium payable on the policy, or any special favor or advantage in the dividends or other benefits to accrue thereon, or any valuable consideration or inducement whatever not specified in the policy contract of insurance."

The pleadings here concede that these notes were given for a premium in consideration of the issuance of a policy by the Phoenix Mutual Life Insurance Company. The answer, as I have said, attempts to assert that the terms of this statute were violated, and the question is whether the answer sufficiently asserts anything of that kind. It is alleged by the answer, among other things, that the promissory notes were executed and delivered to plaintiff, and

"Said life insurance policy was issued to defendant upon the express agreement that said notes be discounted with the firm of H. S. Walbridge & Company of Toledo, Ohio, and a brokerage allowed to said firm, and that otherwise said promissory notes were to be returned to defendant, and said policy of life insurance cancelled. That pursu-

. Dailey v. Chappell.

ant to said agreement and upon notice of failure of plaintiff to carry out the terms of said brokerage agreement, the policy of life insurance was returned on or about October 28, 1908, to the Toledo agency of said The Phoenix Mutual Life Insurance Company of Hartland, Connecticut, for which plaintiff was then the duly authorized agent, with request that the said life insurance policy be immediately cancelled and said promissory notes set forth in plaintiff's petition be returned to defendant. That defendant is and was at the time he entered into said brokerage agreement a member of the insurance firm of H. S. Walbridge & Company, of Toledo, Ohio, who were to brokerage said promissory notes set forth in plaintiff's petition, and thereby becoming a beneficiary of a rebate illegal and contrary to Sec. 3631-4 Ohio Rev. Stat., 86 & 90 O. L. pp. 220, 345.''

These are all the material averments essential to an understanding of the question. The terms of the policy are not recited in the answer, nor do they appear elsewhere in the record.

I might indulge in a considerable discussion as to the various clauses of this statute and a critical examination of this answer to determine whether or not the case as stated in the answer is brought within the inhibitory provisions of the statute, but I wish to be as brief as possible consistently with a clearness of statement, and it perhaps suffices, in the first place, to say that as to these three prohibitions, the defendant surely does not bring his case under either the first or the second. He does not show that if a special privilege or benefit is sought to be extended to him as a member of the firm of H. S. Walbridge & Co., that a like privilege is not extended to all members of firms soliciting insurance where policies are issued to the members of such firms. For aught that appears in this answer, he is not favored as against others of the same class; nor does he say that it is not the custom of the company to make precisely the same favorable propositions to all of its policy holders of every class. There is nothing in this answer that excludes that idea, and of course the answer to present a defense must embody in it terms which show the transaction to be violative of the provisions of the statute. If it were clearly in violation of the statute, it is our judgment that the notes would not make a basis of action in favor of the party holding them.

Now the third provision of the statute is

''Nor shall any such company or agent pay or allow, or offer to pay or allow, as inducement to insurance, any rebate of premium payable on the policy, or any special favor or advantage in the dividends

or other benefits to accrue thereon, or any valuable consideration or inducement whatever not specified in the policy contract of insurance."

Nowhere does his answer allege that the insurance was induced in any way by this agreement as to "brokerage." For aught that appears in the entire answer, Walbridge & Company may have been soliciting insurance from other people for the Phoenix Mutual Life Insurance Company, and the transaction may have been a method of paying them, not a rebate to one of their members who was taking out insurance, but a brokerage or compensation for services which they had performed or might perform for the insurance company named in the soliciting of insurance from such other people. There is nothing in this answer to exclude that idea, and we feel quite clear that the defendant has not brought himself so within the terms of the statute as to make invalid the notes which he has given, or to make them fail for want of consideration. As to the latter matter, as to whether they might fail for lack of consideration, it is to be noted that the pleader nowhere says that the contract, whether legal or illegal, has been violated. He says that pursuant to such agreement, and upon notice of the failure of plaintiff to carry out the terms of said brokerage agreement, the policy of life insurance was returned. He does not allege that in fact plaintiff did violate his agreement. His statement amounts to little more than that he received notice of such violation. In other words, he says that he is informed that the plaintiff refused to carry out the terms of the brokerage agreement. The answer is rather vague in its terms, and while the pleader may have intended to express a good deal more than he has expressed, in our judgment he has not made such an answer as would have justified the holding of its sufficiency by the trial court. We think the court of common pleas properly rendered a judgment in favor of the plaintiff upon the pleadings.

It is said that a motion for a judgment upon the pleadings was not the proper remedy of the plaintiff; that demurrer should have been filed to the answer, and thereby its sufficiency tested, and a decision of one of the circuit courts of the state in which the opinion of Judge Shauck, who was at that time a member of that court, is cited as authority for this claim, *Columbus* v. *Reinhard,* 1 Circ. Dec. 159 (1 R. 289). Judge Shauck in this opinion disapproves of the practice of rendering a judgment upon the pleadings without testing the sufficiency of an answer, but we do not think that the rendering of such a judgment is prejudicial error, because if the answer is insufficient, no judgment in favor of the defendant could have been ren-

Dailey v. Chappell.

dered upon the basis of the statement therein alleged. The pleader had precisely the same power and right to appeal to the trial court for the exercise of its judicial discretion in permitting him to amend his answer or to file some other pleading, if he saw fit, as he would have had if a demurrer to his answer had been sustained. No request seems to have been made for leave to amend, or if one was made, it is not shown in the record.

Parker and Kinkade, JJ., concur.