## In re Wanger

*Joseph A. Allen,* for petitioner.
*James Herbert Egan,* for respondent.

KNIGHT, P. J., May 13, 1938.—On January 28, 1938, the mother and father of George Wanger filed a petition under the provisions of section 316 of The Mental Health Act of July 11, 1923, P. L. 998, as amended by the Act of May 28, 1937, P. L. 973, alleging that the said George Wanger was an inebriate and in need of care and treatment.

Mr. Wanger was brought into court on January 31, 1938, and the case proceeded. The judge hearing the matter asked Mr. Wanger if he desired time to prepare a defense and contest the application. Mr. Wanger stated that he did not; whereupon, a full hearing was held and Mr. Wanger committed to the State Hospital at Norristown.

On March 17, 1938, a petition was presented by the alleged inebriate in which he averred that the petition for his commitment had not been sworn to by Emma C. Wanger, one of the petitioners. Upon said petition the present rule was granted.

The deposition of Emma C. Wanger was taken, in which she testified that she had signed the petition, but had not sworn to it before Ralph McLaughlin, the justice of the peace whose certificate appears thereon.

No depositions were taken against the prayer of the petition, and we have, therefore, the uncontradicted testimony of Mrs. Wanger that she never swore to the petition by virtue of which Mr. Wanger was committed to the State Hospital as an inebriate.

The Mental Health Act of 1923, supra, as amended in 1937, provides in section 316:

"Any inebriate who, except for his inebriety, is of good character and reputation, and who is a proper subject for care in a state or licensed hospital or institution for inebriates or for mental diseases, may be placed and detained in such institution by order of the court of common pleas or other court of record of the county in which such person is or resides, upon petition, *under oath or affirmation of at least two citizens,* who shall be either the wife, husband, parent, child, committee of the estate of an inebriate, or next friends of such person, praying for the commitment of such person to a proper hospital or institution for detention, care, and treatment." (Italics supplied.)

There may be some difficulty in the interpretation of this act.

It could be argued that the requirement that the petition be "under oath or affirmation" was complied with by the oath of one of the petitioners, and that the only significance of the word "two" applies to the number of petitioners. It is the usual rule that petitions containing the signatures of many petitioners need be sworn to by only one of their number.

As we view this case, however, the act should be strictly construed in favor of petitioner, because it is a proceeding to deprive a citizen of his liberty, even if for his own good.

While there is a presumption that, where an oath or affirmation was administered by a proper officer, it was properly administered (Commonwealth v. McCue, 46 Pa.

Superior Ct. 416), it is not a conclusive presumption and is rebuttable.

In our present case, we have the undenied testimony of Mrs. Wanger that she did not appear before the justice of the peace, nor did she swear to the petition.

We have then before us the question what effect her failure to swear to the petition has upon the original order of commitment.

Section 13 of the Act of March 21, 1806, 4 Sm. L. 326, 46 PS §156, provides:

"That in all cases where a remedy is provided or duty enjoined, or any thing directed to be done by any act or acts of Assembly of this commonwealth, the directions of the said acts, shall be strictly pursued, and no penalty shall be inflicted or any thing done agreeably to the provisions of the common law, in such cases, further than shall be necessary for carrying such act or acts into effect."

At one time the two clauses of this section were construed together, and it was applied only to penal actions and indictable offenses: Rees v. Emerick et al., 6 S. & R. 286. The Supreme Court has long since abandoned that construction, however (Wike v. Lightner, 1 Rawle 289; Hare v. Commonwealth, to use, 92 Pa. 141; Borough of Beltzhoover v. Gollings, 101 Pa. 293), and it is now held that, where a statute provides a remedy, its directions must be strictly pursued: Ermine v. Frankel et al., 322 Pa. 70; Stetson's Estate, 305 Pa. 62; Baur et al. v. Wilkes-Barre Light Co. et al., 259 Pa. 117; Commonwealth ex rel. v. Houk et al., 96 Pa. Superior Ct. 363; Maurer v. Brennan, 58 Pa. Superior Ct. 587; Appeal of Meurer, 119 Pa. 115, 130.

In Harris v. Mercur (No. 1), 202 Pa. 313, 316, the court, after holding that where a proceeding is under an act of assembly the provisions must be strictly complied with to give the court jurisdiction, said:

"The requirements of the act are mandatory, and in so far as they are disregarded the proceedings are of no validity. As said by Mr. Justice Woodward in Norwegian Street, 81 Pa. 349, quoting from a note to Dwarris on Statutes, 224, 'in all cases in the courts where the authority to proceed is conferred by statute, and where the manner of obtaining jurisdiction is prescribed by statute, the mode of proceeding is mandatory, and must be strictly complied with, or the proceedings will be utterly void.' "

We are, therefore, of the opinion that the omission of Mrs. Wanger to swear to the original petition is a defect fatal to the whole proceeding, and that this court was without jurisdiction in proceeding with the warrant and commitment. It follows, therefore, that the present rule must be made absolute, and petitioner discharged from the custody of the State Hospital at Norristown.

And now, May 13, 1938, the rule is made absolute, and petitioner ordered discharged from the State Hospital at Norristown, Pa.