## In re Bruno

*Michael von Moschzisker*, for petitioner.

*James J. McLaughlin*, Deputy Attorney General, for the State of New Jersey.

CHUDOFF, J., March 6, 1958.—This is an application by Harold Kolovsky, Acting Attorney General of the State of New Jersey, for subpoenas from this court ordering Angelo Bruno, a citizen and resident of the Commonwealth of Pennsylvania, to go into the State of New Jersey, and there to testify before the Grand Jury now convened in Mercer County, Trenton, N. J.

On January 17, 1958, James J. McLaughlin, Deputy Attorney General of New Jersey, filed a complaint in the Mercer County Court averring, inter alia:

"Information brought to the attention of the said Grand Jury indicates that Angelo Bruno may be of assistance to the said Grand Jury in its conduct of an investigation of the activities of certain persons who

have testified before the said Grand Jury, and who have been subpoenaed to appear in the future before said Grand Jury."

On the same day a certificate, purportedly issued by a judge of the Mercer County Court, certified Angelo Bruno to be a material witness in the aforementioned investigation. Attached to the certificate is another certificate of the Secretary of State of New Jersey, dated December 9, 1957, which certifies that the certificate of the judge of the Mercer County Court contains the seal of the court and bears the judge's signature in his own handwriting.

On the same day, January 17, 1958, one of the judges of the Court of Common Pleas No. 2 of Philadelphia County, on the basis of the aforesaid certificates and complaint, allowed an order upon Angelo Bruno to show cause why a subpoena should not issue compelling him to testify before the Mercer County Grand Jury in Trenton, N. J., on January 22, 1958.

On January 20, 1958, petitioner, Angelo Bruno, filed his petition to discharge the aforesaid order allowed by the judge in the Court of Common Pleas No. 2 of Philadelphia County, assigning 17 reasons why the order to show cause should be discharged. In consideration of said petition, a rule was allowed returnable January 31, 1958, all proceedings to stay meanwhile.

Subsequently petitioner, Angelo Bruno, filed a supplemental petition to discharge the order to show cause of January 17, 1958, alleging three additional reasons why the said order to show cause should be discharged. In consideration of the supplemental petition, another rule to show cause was allowed, returnable February 7, 1958, upon which argument was heard by this court.

The matters now before the court are the two rules on James J. McLaughlin to show cause why the order previously issued upon Angelo Bruno in this matter should not be discharged.

The proceeding is brought under the Uniform Act to Secure the Attendance of Witnesses from Within or Without a State in Criminal Proceedings of June 23, 1941, P. L. 147, 19 PS §§622.1-622.7.

The Act of 1941, as amended, is a uniform act, and is substantially similar to acts on the same subject recently adopted by a number of States. It is a reciprocal act, the avowed purpose of which is to enable a State which has adopted the Uniform Act to secure the attendance in a criminal proceeding in that State of witness who is within another State which has also adopted a similar act. The State of New Jersey has adopted this Uniform Act: N. J. S. 2A:81-20.

Section 2 of the Act of June 23, 1941, as amended, provides, inter alia:

"Summoning Witness in this State to Testify in Another State.—If a judge of a court of record in any state which by its laws has made provision for commanding persons within that state to attend and testify in this State *certifies under the seal of such court* that there is a criminal prosecution pending in such court, or that a grand jury investigation has commenced, or is about to commence, that a person being within this State is a material witness in such prosecution or grand jury investigation and his presence will be required for a *specified number of days*, upon presentation of such certificate to any judge of a court of record in the county in which such person is, such judge shall fix a time and place for a hearing and shall make an order directing the witness to appear at a time and place certain for the hearing. (Italics supplied.)

"If at a hearing the judge determines that the witness is material and necessary, that it will not cause undue hardship to the witness to be compelled to attend and testify in the prosecution or a grand jury investigation in the other state and that the laws of the state

in which the prosecution is pending or grand jury investigation has commenced or is about to commence and of any other state through which the witness may be required to pass by ordinary course of travel will give to him protection from arrest and the service of civil and criminal process, he shall issue a summons with a copy of the certificate attached directing the witness to attend and testify in the court where the prosecution is pending or where a grand jury investigation has commenced or is about to commence, at a time and place specified in the summons. In any such hearing the certificate shall be prima facie evidence of all the facts stated therein.

"If said certificate recommends that the witness be taken into immediate custody and delivered to an officer of the requesting state to assure his attendance in the requesting state, such judge may in lieu of notification of the hearing direct that such witness be forthwith brought before him for said hearing, and the judge at the hearing, being satisfied of the desirability of such custody and delivery, for which determination the certificate shall be prima facie proof of such desirability, may, in lieu of issuing subpoena or summons, order that said witness be forthwith taken into custody and delivered to an officer of the requesting state: Provided, however, That such judge may admit the witness to bail by bond with sufficient sureties and in such sum as he deems proper, conditioned for his appearance before him at a time specified in such bond and for his surrender to an officer of the requesting state.

"If the witness who is summoned as above provided, after being paid or tendered by some properly authorized person the sum of ten cents ($0.10) a mile for each mile by the ordinary traveled route to and from the court where the prosecution or investigation is pending and five dollars ($5) for each day that he is required to travel and attend as a witness, fails with-

out good cause to attend and testify as directed in the summons, he shall be punished in the manner provided for the punishment of any witness who disobeys a summons issued from a court of record in this State."

Respondent, State of New Jersey, concedes both that the Pennsylvania act, section 2, requires a seal of the court, and that the certificate which was issued out of the Mercer County Court, and which set forth that Angelo Bruno is a material witness in a grand jury investigation now being conducted in Mercer County, N. J., does not have affixed thereto the seal of such court.

Respondent also admits that the certificate of the Mercer County Court does not "specify the number of days" that petitioner will be required to spend in the State of New Jersey as required under section 2 of the Act of June 23, 1941, P. L. 147, 19 PS §622.2.

As to both procedural requisites, it is well established in our Commonwealth that where, as here, a remedy or method of procedure is provided by an act of assembly, the directions of such act must be strictly pursued, and under the Act of March 21, 1806, P. L. 558, 4 Sm. L. 326, sec. 13, 46 PS §156, such remedy or procedure is exclusive: Knup v. Philadelphia, 386 Pa. 350 (1956) ; Jacobs v. Fetzer, 381 Pa. 262 (1955).

In Oteri Appeal, 372 Pa. 557, the court stated, on page 561:

"We repeat what we said in Derry Township School District v. Barnett Coal Company et al., 332 Pa. 174, 177, 2 A. 2d 758: '. . . When a statute provides a remedy by which a right may be enforced, no other remedy than that afforded by the statute can be used. The Act of March 21, 1806, P.L. 558, section 13, provides that: "In all cases where a remedy is provided or duty enjoined, or anything directed to be done by an act or acts of assembly of this commonwealth, the directions of such acts shall be strictly pursued . . ." ' ";

Colove v. Robesonia Borough, 364 Pa. 262, 73 A. 2d 679 (1950); Commonwealth v. Lentz, 353 Pa. 98, 44 A. 2d 55 (1945).

This act (March 21, 1806, P. L. 558) was formerly held to extend only to penal actions and indictable offenses (Rees v. Emerick, 6 S. & R. 289 (1820)), but it is now applied to both civil and criminal proceedings: Hare v. Commonwealth, 92 Pa. 141 (1879); Borough of Beltzhoover v. Gollings, 101 Pa. 293 (1882). See Brown v. Commonwealth, 3 S. & R. 273 (1817).

The simple applications of the Act of 1806 and the numerous cases citing it as applied to the Uniform Act to Secure the Attendance of Witnesses, 19 PS §622.2, clearly show that the State of New Jersey has not complied with the procedural provisions of section 622.2, and is not at this time entitled to the relief demanded. Section 2 reads that *"if a Judge of a court of record in any state* which by its laws has made provision for commanding persons within that state to attend and testify in this State *certifies under the seal of such court . . ."* (Italics supplied.)

There is admittedly no seal of the Mercer County Court upon the certificate adjudicating Mr. Bruno a material witness. The contention of the State of New Jersey that there is in fact present a certificate of the Secretary of State of New Jersey as to the fact of the authority of the judge to act in the instant circumstance, does not cure the defect of the absence of the seal of the court as required by the statute. Our law is adamant in declaring that where the legislature prescribes a method of procedure it must be exclusively followed: Keefer Estate, 351 Pa. 343, 41 A. 2d 666; Kane v. Morrison, 352 Pa. 611, 44 A. 2d 53; Fahey Estate, 356 Pa. 535, 52 A. 2d 580; In re: Filing of Ordinance by the Borough of State College, 104 Pa. Superior Ct. 211, 215, 158 Atl. 298.

The statute also declares that the said certificate state "the specified number of days" that the witness' presence will be required. Respondent argues that in view of the fact that the witness will only be needed in Mercer County, N. J., for one day, it would have been a mere surplusage for the certificate in this case to have "specified the number of days" the witness would be required to be present in Mercer County, N. J.

The construction urged by respondent finds no support in the statute mentioned. The law is clear that what the legislature failed to include, a court may not add: Altieri v. Allentown Officers' and Employees' Retirement Board, 368 Pa. 176. In Olyphant Borough School District v. American Surety Co. of New York, 322 Pa. 22, 28, 184 Atl. 758, the court said: "It is not for us, by interpretation, to add to the statute a requirement which the legislature did not see fit to include." See also Commonwealth v. First National Bank and Trust Company of Easton, 303 Pa. 241, 251, 154 Atl. 379.

If the legislature of our Commonwealth ever intended to draw the distinction urged by respondent, it would have expressly declared its intent to have the act read in the manner contended by respondent. The court believes that no such distinction was ever contemplated and that the State of New Jersey is reading into the act something that simply is not included therein. Furthermore, in Commonwealth v. Allied Building Credits, Inc., 385 Pa. 370 (1956), our Supreme Court discussed this problem by saying that the object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature. To give effect to that intention, after first ascertaining what it is, is the task given to the courts: Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 51, 46 PS §551; Kearcher v. Mt. Oliver Borough Council, 363 Pa. 148, 151 (1949); Panik v.

Didra, 370 Pa. 488, 493 (1952). For the purpose of ascertaining legislative intent the Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 52, 46 PS §552, provides in part:

"In ascertaining the intention of the Legislature in the enactment of a law, the courts may be guided by the following presumptions among others:

"(1) That the Legislature does not intend a result that is absurd, impossible of execution or unreasonable:

"(2) That the Legislature intends the entire statute to be effective and certain."

To hold that the legislature intended that a State (New Jersey) need not "specify the number of days" that the witness' presence will be required in the foreign jurisdiction, when, to the knowledge alone of the authorities of the foreign State, he will only be needed for one day, would not only be contrary to the clear and express language of the statute, but would also lead to unreasonable and uncertain results, and as stated, would not be giving effect to the entire statute. Hence, in light of the Statutory Remedies Act of 1806, and the overwhelming authority in support of it, the procedural requirements of section 622.2 of the Uniform Act to Secure the Attendance of Witnesses must be strictly adhered to, and it follows that Angelo Bruno is entitled to be informed as to the length of time his presence will be required in Mercer County, whether it is for one day or longer.

While there are numerous questions relating to the constitutionality of the statute in question, 19 PS §622.2, the court will not pass on any of them at this time. It is a fundamental rule that a court will never pass on the constitutionality of a statute unless it is absolutely necessary to do so in order to decide the case before it: Commonwealth to use of Dollar Savings & Trust Co. v. Picardi, 296 Pa. 120 (1929);

Altieri v. Allentown Officers' and Employees' Retirement Board, supra. See also DeSarro v. Snowdon, 157 Pa. Superior Ct. 150, 154, 42 A. 2d 89 (1945). No such necessity is present. Wherefore, we enter the following

*Order*

And now, to wit, March 6, 1958, the order upon Angelo Bruno to show cause why subpoena should not issue is vacated without prejudice, and the rule and supplemental rule upon James J. McLaughlin, Deputy Attorney General of the State of New Jersey, are made absolute.